MURDOCK, Justice
(concurring in the result).
I question whether the debt owed by the Water Works and Sanitary Sewer Board of the City of Montgomery (“the Board”) to Alabama Insurance Guaranty Association (“AIGA”) is a debt representing a “stated or liquidated account” so as to be governed by the provisions of § 6-2-34(5), Ala.Code 1975. Irrespective, I do believe that the rights and obligations prescribed by law to AIGA in relation to an insured such as the Board, though subject to additional statutory limitations such as § 27-42-5(7), Ala.Code 1975, are in the nature of contractual rights and obligations so as to be governed by a six-year statute of limitations under § 6-2-34(0 ). See generally § 27-42-8(a)(2), Ala.Code 1975 (stating, in part, that “[AIGA] shall ... [b]e deemed the insurer only to the extent of its obligation on the covered claims and to such extent, subject to the limitations provided in this chapter, shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent including, but not limited to, the right to pursue subrogation recoveries and retain salvage and subrogation recoveries on paid covered claims”); § 27-42-ll(a), Ala.Code 1975 (stating, in part, that “[a]ny person recovering under this chapter shall be deemed to have assigned his or her rights under the policy to [AIGA] to the extent of his or her recovery from [AIGA]”). Cf. Alabama Workmen’s Compensation Self-Insurers Guar. Ass’n, Inc. v. Wilson, 993 So.2d 451, 452 (Ala.Civ.App.2006) (explaining that, because the insolvency fund of the Alabama Workmen’s Compensation Self-Insurers Guaranty Association, Inc., “is statutorily entitled to ‘all defenses of and is ‘subrogated to all rights of [an] insolvent employer’ such as Johnston Industries (see Ala.Code 1975, § 25-5-255(1)), in this opinion we will refer to the Association as ‘the employer’ so as to simplify our summary and our analysis of the case”). I therefore concur in the result reached in the main opinion.